IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BEAR RUN ASSOCIATES LIMITED )
PARTNERSHIP and SHEILA )
ZIPPORAH, L.P., )
            Plaintiffs, )
 )
       v. ) Civil Action No. 06-0860
 )
WACHOVIA BANK, N.A., )
            Defendant. )

MEMORANDUM and ORDER

Gary L. Lancaster,                    December 16, 2006
District Judge

        This is an action in breach of contract.  Plaintiffs, Bear
Run Associates Limited Partnership and Sheila Zipporah, L.P.,
allege that defendant, Wachovia Bank, has withheld excessive
amounts in escrow reserves under several mortgage and reserve
agreements.  Defendant claims that it is entitled to withhold the
amounts under the agreements.  Plaintiffs seek return of the
excessive amounts that have been withheld.

        Defendant removed the case to this court from the Court of
Common Pleas of Allegheny County, Pennsylvania.  Plaintiffs have
filed a motion to remand arguing that complete diversity does not
exist because both a plaintiff and defendant are citizens of
North Carolina [doc. no. 12].   Defendant contends that no
plaintiff, who is a real party in interest, can be considered a
citizen of North Carolina.

        For the reasons set forth below, the motion will be
granted, and this case will be remanded to the Court of Common
Pleas of Allegheny County, Pennsylvania.

I.    BACKGROUND

    A.   General Factual Background

        Plaintiffs own and operate three apartment complexes in Allegheny County, Pennsylvania. Defendant services mortgages on those properties.   Under the loan documents, defendant is entitled to hold amounts for the payment of taxes and insurance in reserve, or escrow, accounts.   Plaintiffs claim that the amounts withheld by defendant are incorrect, improper, and excessive.

        Therefore, plaintiffs sought a refund of the wrongfully withheld amounts from defendant in November of 2005.   In March of 2006, defendant sent refund checks to plaintiffs from the reserve accounts.   However, plaintiffs claim that the refunds were insufficient and demanded the return of additional monies.   When defendant failed to respond to their demands, plaintiffs filed this suit.

    B.   Citizenship Factual Background

        There are two named plaintiffs in this action: (1) Bear Run Associates Limited Partnership; and (2) Sheila Zipporah, L.P. Both are limited partnerships.   Sheila Zipporah, L.P. is a limited partner in Bear Run Associates Limited Partnership.   The Sheila Zipporah limited partnership has four limited partners: (1) the Lanya A. Snyder Trust No. 1; (2) the Hannah A. Snyder Trust No. 1; (3) the Sheila Z. Snyder Trust No. 1; and (4) the Adam E. Snyder Trust No. 1.   These express trusts were

2

established by William I. Snyder and Patricia Snyder for the benefit of their children. The trustees for each of these four trusts are PNC Bank and Frank Brenner. The trustees have the power to manage, invest, sell, pledge, and exchange the assets of the trusts. Mr. Brenner, against the advice of PNC Bank, invested the assets of the trusts in Sheila Zipporah, L.P. Mr. Brenner retains the power to remove PNC Bank as a trustee, and name its successor.

There is no dispute that Mr. Brenner is a citizen on North Carolina.

There is no dispute that defendant Wachovia Bank is a citizen of North Carolina.


II.    LEGAL AUTHORITY

When parties dispute whether subject matter jurisdiction exists on removal, defendant bears the burden of proving the statutory requirements. Samuel-Bassett v. KIA Motors Amer., Inc., 357 F.3d 392, 396 (3d Cir. 2004); Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Moreover, the removal statutes are to be strictly construed against removal, with all doubts being resolved in favor of remand." Samuel-Bassett, 357 F.3d at 396; Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

III.   <u>DISCUSSION</u>

Both plaintiffs in this case are limited partnerships. A limited partnership has the citizenship of each of its partners, both general and limited. <u>Carden v. Arkoma Associates</u>, 494 U.S. 185, 195-96 (1990); <u>Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n</u>, 554 F.2d 1254, 1258-59 (3d Cir. 1977). The limited partners of Sheila Zipporah, L.P. are four express trusts. A trust's citizenship is determined by the citizenship of its trustees. <u>General Heat & Power Co. v. Diversified Mortgage Investors</u>, 552 F.2d 556, 557-58 n.1 (3d Cir. 1977). PNC Bank and Frank Brenner are the trustees of each of the four trusts. Mr. Brenner is a citizen of North Carolina. Therefore, the trusts are each citizens of North Carolina.[1] Because the trusts are limited partners in plaintiff Sheila Zipporah, L.P., that plaintiff is a citizen of North Carolina. Plaintiff Bear Run Associates Limited Partnership is also a citizen of North Carolina because its limited partner, Sheila Zipporah, L.P., is a citizen of North Carolina. Defendant is also a citizen of North Carolina. Complete diversity does not exist.

Our analysis of the diversity jurisdiction question in this case involves a straightforward application of the rules discussed above to the undisputed facts of this case. Our decision does not rest on whether Mr. Brenner is a named party,

---

1.  They are also citizens of Pennsylvania due to PNC Bank's citizenship, but PNC's citizenship is not relevant to our analysis.

was aware that the lawsuit had been filed, or understands the dispute. He is a co-trustee of the four limited partners of a named plaintiff. He is not a nominal party. His citizenship cannot be ignored, as defendant argues. Furthermore, we do not find Navarro Sav. Ass'n v. Lee, 446 U.S. 458 (1980) to be controlling, or particularly instructive. That case is distinguishable on its facts, not the least of which being that the trust in Navarro was a business trust with more than 9,000 shareholders.

IV.   CONCLUSION

Because both plaintiffs and defendant are citizens of the same state, complete diversity does not exist. This court does not have subject matter jurisdiction over the controversy. The case must be remanded to the state court where it was originally filed. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BEAR RUN ASSOCIATES LIMITED    )
PARTNERSHIP and SHEILA         )
ZIPPORAH, L.P.,                )
          Plaintiffs,          )
                               )
     v.                        )    Civil Action No. 06-0860
                               )
WACHOVIA BANK, N.A.,           )
          Defendant.           )

<u>ORDER</u>

AND NOW, this ___ day of December, 2006, IT IS HEREBY
ORDERED that plaintiffs' motion to remand [doc. no. 12] is
GRANTED.  This case is remanded to the jurisdiction of the Court
of Common Pleas of Allegheny County, Pennsylvania.

The Clerk of Court is directed to mark this case as CLOSED.

BY THE COURT,

_____, J.

cc:   All Counsel of Record

6